UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

------------------------------------------------------X

MASTERCARD INTERNATIONAL
INCORPORATED, and
ORBISCOM INC.,

                Plaintiffs,

      - against -

WALKER DIGITAL, LLC

                Defendant.

------------------------------------------------------X

Civil Action No.: 3:11-CV-313 AWT

DECLARATORY JUDGMENT
COMPLAINT

**(Jury Trial Demanded)**

March 1, 2011

Plaintiffs MasterCard International Incorporated and Orbiscom Inc. (collectively "MasterCard") hereby complain and allege the following claims against defendant Walker Digital, LLC ("Walker Digital"):

### NATURE OF THE ACTION

1. This is a complaint for a declaratory judgment of patent invalidity and non-infringement.

### THE PARTIES

2. MasterCard International Incorporated is a Delaware corporation having its principal place of business at 2000 Purchase Street, Purchase, New York 10577

3. Orbiscom Inc. is a Delaware corporation having its principal place of business at 2000 Purchase Street, Purchase, New York 10577. Orbiscom Inc. is an indirect subsidiary of MasterCard International Incorporated.

4. Upon information and belief, Walker Digital is a Delaware limited liability company having its principal place of business at 2 High Ridge Park, Stamford, CT 06905.

## JURISDICTION AND VENUE

5. This action arises under the Acts of Congress relating to patents, including Title 35 United States Code § 271 and §§ 281-285, and the Declaratory Judgment Act, Title 28 United States Code §§ 2201 and 2202.

6. This Court has subject matter jurisdiction under the provisions of Title 28 United States Code §§ 1331 and 1338(a).

7. Venue is proper within this district under the provisions of Title 28 United States Code § 1391(b)-(c) and § 1400(b).

8. This Court has personal jurisdiction over defendant Walker Digital.

## BACKGROUND ALLEGATIONS

9. MasterCard markets and sells a payment solution known as the MasterCard inControl technology (hereinafter "inControl"). One aspect of inControl involves limited use account numbers.

10. The inControl technology is offered for sale to and/or employed by various financial institutions in the United States and elsewhere.

11. Upon information and belief, Walker Digital is the owner and sole assignee of U.S. Patent Number 6,163,771 entitled ("Method and device for generating a single-use financial account number"), which issued on December 19, 2000 (hereinafter, the "'771 Patent").

12. Upon information and belief, Walker Digital is the owner and sole assignee of U.S. Patent Number 7,177,835 entitled ("Method and device for generating a single-

-3-

use financial account number"), which issued on February 13, 2007 (hereinafter, the "'835 Patent").

13. Upon information and belief, Walker Digital is the owner and sole assignee of U.S. Patent Number 7,853,529 entitled ("Method and device for generating a single-use financial account number"), which issued on December 14, 2010 (hereinafter, the "'529 Patent").

14. Upon information and belief, Walker Digital is the owner and sole assignee of U.S. Patent Number 7,844,550 entitled ("Method and device for generating a single-use financial account number"), which issued on November 30, 2010 (hereinafter, the "'550 Patent").

15. Orbiscom Inc. is the exclusive licensee in the United States of several U.S. Patents, including but not limited to U.S. Patent Nos. 7,567,934; 7,571,142; and 7,593,896, all patents related to the MasterCard inControl technology.

16. On or about September 3, 2010, Walker Digital, through its counsel, notified MasterCard that Walker Digital was in the process of requesting the initiation of interference proceedings in the U.S. Patent and Trademark Office with respect to one or more patents assigned to Orbiscom and/or its affiliates.

17. In particular, Walker Digital indicated that it would seek to declare an interference between a pending application that claimed priority to the '771 Patent and the '529 Patent on the one hand, and at least U.S. Patent No. 7,593,896 assigned to an Orbiscom affiliate, on the other hand.

18. The parties subsequently entered into discussions regarding the proposed interference. In particular, the parties and/or their representatives met in September 2010 and

November 2010 to discuss the proposed interference and other matters.

19. By at least December 2010, Walker Digital offered to resolve the entire proposed interference and dispute by selling to MasterCard Walker Digital's "whole family of single use credit card patents and application[s]." Upon information and belief, this included at least the '771 Patent, the '835 Patent, the '529 Patent and the '550 Patent, as those patents share a common specification and a common claim of priority to Walker Digital's U.S. Patent Application Number 08/919,339, and related applications (such patents and applications collectively referred to hereinafter as the "Walker Digital Single Use Credit Card Family").

20. Discussions continued between the parties until on or about February 15, 2011, when MasterCard was effectively informed by Walker Digital's then outside counsel (with whom MasterCard had been negotiating) that he was no longer representing Walker Digital.

21. Around this same time, MasterCard also received e-mail communications from IP Navigation Group, LLC ("IPNav") stating that IPNav was purportedly acting on behalf of Walker Digital, that Walker Digital's "single use credit card portfolio" was "no longer available for purchase or license at the levels [previously] discussed" due in part to the alleged "breadth of the claims" and alleged "wide usage of this invention in the industry," and offering MasterCard a "non-exclusive license to this single use credit card portfolio."

22. On or about February 22, 2011, MasterCard received a further communication from IPNav, informing MasterCard as follows: "An analysis of your products shows that your company makes, uses, or sells products or services that would benefit from a license to certain of our client's patents." The letter further requested a meeting with MasterCard during which IPNav would "identify specific patents and provide information outlining the basis for the infringement claims against your products or services."

23. The series of communications from September 2010 through the present has created a definite and concrete dispute among the parties regarding the relevance of the Walker Digital Single Use Credit Card Family to inControl.

24. MasterCard and Walker Digital now have a real and substantial controversy regarding the inapplicability and non-infringement of each issued patent in the Walker Digital Single Use Credit Card Family by inControl, as well as regarding the invalidity and/or unpatentability of each patent and application in the Walker Digital Single Use Credit Card Family.

## COUNT I - DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,163,771

25. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. An actual controversy exists between MasterCard and Walker Digital regarding MasterCard's purported infringement of the '771 Patent.

27. MasterCard has not infringed any valid and enforceable claim of the '771 Patent, as properly construed.

28. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that it has not infringed, and does not infringe, any valid and enforceable claim of the '771 Patent.

## COUNT II - DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,177,835

29. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

30. An actual controversy exists between MasterCard and Walker Digital

regarding MasterCard's purported infringement of the '835 Patent.

31. MasterCard has not infringed any valid and enforceable claim of the '835 Patent, as properly construed.

32. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that it has not infringed, and does not infringe, any valid and enforceable claim of the '835 Patent.

### COUNT III - DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,853,529

33. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

34. An actual controversy exists between MasterCard and Walker Digital regarding MasterCard's purported infringement of the '529 Patent.

35. MasterCard has not infringed any valid and enforceable claim of the '529 Patent, as properly construed.

36. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that it has not infringed, and does not infringe, any valid and enforceable claim of the '529 Patent.

### COUNT IV - DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,844,550

37. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

38. An actual controversy exists between MasterCard and Walker Digital regarding MasterCard's purported infringement of the '550 Patent.

39. MasterCard has not infringed any valid and enforceable claim of the '550 Patent, as properly construed.

40. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that it has not infringed, and does not infringe, any valid and enforceable claim of the '550 Patent.

### COUNT V - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,163,771

41. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

42. An actual controversy exists between MasterCard and Walker Digital regarding the validity of the '771 Patent.

43. One or more of the claims of the '771 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

44. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that the claims of the '771 Patent are invalid in part or in whole.

### COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,177,835

45. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

46. An actual controversy exists between MasterCard and Walker Digital regarding the validity of the '835 Patent.

47. One or more of the claims of the '835 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

48. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that the claims of the '835 Patent are invalid in part or in whole.

### COUNT VII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,853,529

49. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

50. An actual controversy exists between MasterCard and Walker Digital regarding the validity of the '529 Patent.

51. One or more of the claims of the '529 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

52. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that the claims of the '529 Patent are invalid in part or in whole.

### COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,844,550

53. MasterCard repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

54. An actual controversy exists between MasterCard and Walker Digital regarding the validity of the '550 Patent.

55. One or more of the claims of the '550 Patent is invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

56. Pursuant to 28 U.S.C. §§ 2201 and 2202, MasterCard is entitled to a declaratory judgment that the claims of the '550 Patent are invalid in part or in whole.

## **PRAYER FOR RELIEF**

WHEREFORE, MasterCard prays for judgment declaring and/or ordering as follows:

a. Declaratory judgment that MasterCard has not infringed, and does not infringe, any valid and enforceable claim of the '771 Patent, the '835 Patent, the '529 Patent and the '550 Patent;

b. Declaratory judgment that the '771 Patent, the '835 Patent, the '529 Patent and the '550 Patent are invalid;

c. Judgment awarding MasterCard such other relief the Court deems just, equitable, and proper.

**A JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE.**

March 1, 2011

Respectfully submitted,

By: /s/ Michael J. Dorney
Michael J. Dorney – ct04187
LeCLAIRRYAN
545 Long Wharf Drive, Ninth Floor
New Haven, Connecticut 06511
Tel: 203-672-3210
Fax: 203-672-3233
michael.dorney@leclairryan.com

OF COUNSEL:
Robert C. Scheinfeld
Eliot D. Williams
BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York  10012-4498
Tel: 212-408-2500
Fax: 212-408-2501 Facsimile

*Attorneys for Plaintiffs
MasterCard International
Incorporated and Orbiscom
Inc.*